ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 JUN 16 PM 12: 40

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GREGORY LINSTON GILLILAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-037 |
| | ) | |
| JOSE MORALES, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, is proceeding *pro se* in the above-captioned case that was originally filed in the Middle District of Georgia pursuant to 42 U.S.C. § 1983. Although Plaintiff submitted a complaint, he did not submit a motion to proceed *in forma pauperis* ("IFP") or the $350.00 filing fee.

The Local Rules of this Court require the presentation of an original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP, in order to commence a civil action. See Loc. R. 4.1. As Plaintiff submitted his complaint in the Middle District of Georgia without submitting a request to proceed IFP or paying the $350.00 filing fee, when the case transferred to this District, the Clerk of Court sent him a deficiency notice. (Doc. no. 7.) This deficiency notice informed Plaintiff of the requirement

for filing an IFP motion within fourteen (14) days, and it warned Plaintiff that his case could be dismissed if he did not submit the requisite motion. (Id.). However, Plaintiff did not respond.

When Plaintiff failed to respond, the Court issued an Order on May 18, 2011, directing Plaintiff to submit an IFP motion or pay the $350.00 filing fee within 21 days. (Doc. no. 8.) Plaintiff was warned that failure to comply would result in the recommendation of dismissal of this action. (Id. at 1-2.) The time for responding has expired, and Plaintiff has failed to submit either the appropriate filing fee or a properly completed motion to proceed IFP.[1] Nor has he provided the Court with any explanation why he has not complied.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent

---

[1] Assuming without deciding that Plaintiff would be entitled to proceed IFP, i.e., that he is not prohibited under 28 U.S.C. § 1915(g) from proceeding IFP because of the accumulation of three "strikes," he cannot do so unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915).

[2] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

2

power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the April 25th deficiency notice from the Clerk of Court and the Court's May 18th Order amounts not only to a failure to prosecute, but an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

---

[3]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of June, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE